**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.　　25-AP-297



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,　2026

| | |
|---|---|
| American Express National Bank v. Thomas McFeeley\* } | APPEALED FROM: |
| } | |
| } | Superior Court, Windham Unit, |
| } | Civil Division |
| } | CASE NO. 25-CV-01102 |
| } | Trial Judge: Rachel M. Malone |

In the above-entitled cause, the Clerk will enter:

Defendant appeals the judgment in favor of plaintiff in this credit card collection action. We affirm.

In March 2025, plaintiff filed a complaint in civil division alleging that defendant had defaulted on his credit card payments and owed plaintiff $6797.39. In his answer, defendant asserted defenses of lack of jurisdiction, "fraud upon the plaintiff," fraud upon the court, and violation of the Fair Debt Collection Practices Act (FDCPA).

Shortly after defendant filed his answer, plaintiff moved for summary judgment. Plaintiff's motion was supported by an affidavit signed by its records custodian, copies of defendant's credit card statements, and other documents. In its statement of undisputed facts, plaintiff asserted that in May 2022, defendant opened a credit card account ending in 41000. Under the terms of the card member agreement, use of the account constituted acceptance of the agreement and its terms, which included paying all charges made on the account. Plaintiff asserted that defendant breached the agreement by failing to make payments and that his last payment was on March 30, 2024. A balance of $6797.39 remained due on the account.

In response, defendant asserted that: plaintiff improperly commenced the action by service in violation of Vermont Rule of Civil Procedure 3; plaintiff falsely told defendant in a settlement letter that a lawsuit had been filed against him when it had not yet been filed; the agreement and statements filed in support of the motion did not support plaintiff's claim; and plaintiff's summary-judgment affidavit was robo-signed and did not reflect the personal knowledge of the affiant. Defendant also argued that the complaint was not verified, which he asserted was required by "Rule 9(h)."

The court granted summary judgment, concluding that the materials in the record established that plaintiff was entitled to judgment in its favor. The court explained that plaintiff was entitled to commence the action by service under Rule 3(a) and its complaint met the requirements of Rule 9.1, which governs complaints in actions on credit card debt. The court stated that defendant's suspicions about the validity of plaintiff's affidavit were insufficient to create a genuine dispute of material fact. This appeal followed.

We review a decision granting summary judgment without deference. Progressive N. Ins. Co. v. Muller, 2020 VT 76, ¶ 9, 213 Vt. 145. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a).

On appeal, defendant repeats his claim that plaintiff violated Vermont Rule of Civil Procedure 3(a) when it commenced the action by serving the complaint on him instead of first filing it with the court. Defendant's argument lacks merit. Rule 3(a) provides:

> A civil action is commenced by filing a complaint with the court, except that in any case where attachment of real or personal property or attachment on trustee process is not to be made, or goods are not to be replevied, an action may be commenced by the service of a summons and complaint.

Here, plaintiff was not seeking to attach defendant's real or personal property, to attach property of defendant held by others through trustee process, or replevin of goods. Thus, under the plain language of the rule, the action could be commenced by service. It is undisputed that defendant was served on February 25, 2025 and that plaintiff filed the complaint in civil division on March 12, in compliance with Rule 3(a)'s requirement that the complaint be filed within twenty-one days of service. Defendant has accordingly failed to demonstrate that plaintiff failed to comply with the rule.

Defendant further claims that the court erred in concluding that his statements questioning the validity of plaintiff's affidavit were insufficient to create a genuine dispute of fact. Defendant argues that the affidavit is a "pre-made form affidavit that is used in seemingly all [of plaintiff's] debt collection actions" that contains some nonspecific language and was notarized in California. According to defendant, this demonstrates that the records custodian who signed the affidavit lacked personal knowledge of the statements contained therein.

"Time and again we have held that the opponent to a summary judgment motion may not rest on allegations in the pleadings to rebut credible documentary evidence or affidavits." Gore v. Green Mountain Lakes, Inc., 140 Vt. 262, 266 (1981). In his affidavit, plaintiff's records custodian declares under penalty of perjury that the statements contained in the affidavit are made within his personal knowledge. Although the affidavit appears to be based on a template and to have been signed in California, these factors do not demonstrate that the affiant lacked personal knowledge or was incompetent to testify at a trial. The affidavit contains the relevant facts specific to defendant and defendant does not deny those facts. Under these circumstances, the trial court did not err in relying on the affidavit to grant summary judgment.

Defendant next argues that the complaint fails to show "[t]he total amount currently due on the debt, with any amount of interest claimed post-default separately identified," as required by Rule 9.1(e). Although he argued in his opposition to plaintiff's motion for summary judgment that the statement of the total amount owed "does not make mathematically [sic]

sense," he did not cite to Rule 9.1(e) or argue that the complaint failed to specify the amount of post-default interest. Defendant therefore did not preserve this issue for our review by adequately raising it below. See In re White, 172 Vt. 335, 343 (2001) ("[T]o properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." (quotation omitted)).

Defendant also argues that the trial court should have dismissed the case with prejudice because plaintiff violated the FDCPA by mailing the summons, complaint, and request for waiver of service to him in December 2024. Beyond this bare assertion, defendant does not explain how plaintiff's act was a deceptive practice under the FDCPA. Because the issue is inadequately briefed, we do not address it. See Khan v. Alpine Haven Prop. Owners' Ass'n, Inc., 2020 VT 90, ¶ 29, 213 Vt. 453 (declining to address issue where plaintiffs failed to recite elements applicable to legal argument or discuss why they were not satisfied).

Finally, defendant argues that he was denied due process because plaintiff filed its motion for summary judgment less than two weeks after defendant answered the complaint, thereby denying him an opportunity for discovery. Rule 56(b) explicitly permits a party to move for summary judgment "at any time until 30 days after the close of all discovery, unless a different time is set by stipulation or court order." V.R.C.P. 56(b). While prior versions of Rule 56 prohibited the plaintiff from filing for summary judgment until a certain amount of time had elapsed, the current version allows a motion to be filed at any time after the proceeding commences. See Reporter's Notes—2012 Amendment, V.R.C.P. 56 (explaining that Vermont Rule of Civil Procedure 56 was amended to conform to federal rule and remove limitations on when claimants may file). The trial court has discretion to defer ruling on a summary-judgment motion or to provide additional time for discovery if it views the motion as premature. However, defendant did not assert in his opposition or surreply that discovery was necessary and he does not identify what facts essential to his opposition are unavailable to him such that the court should have sua sponte provided more time for discovery. We therefore decline to reverse on this basis.

Because defendant has failed to demonstrate the existence of any genuine dispute of material fact regarding his credit card debt, the court properly granted summary judgment to plaintiff.

Affirmed.


BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice


3